■ In the Matter of EMMA BISCHERT, Respondent, v COUNTY OF WESTCHESTER, Appellant. [622 NYS2d 308] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the County of Westchester appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered June 9, 1993, which granted the application, and (2) an order of the same court, entered August 31, 1993, which denied the appellant's motion for reargument.

Ordered that the appeal from the order entered August 31, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 9, 1993, is reversed, on the law, without costs or disbursements, the application is denied, and the proceeding is dismissed.

It is well settled that an application for leave to serve a late notice of claim is addressed to the sound discretion of the trial court upon consideration of the factors set forth in General Municipal Law § 50-e (5) (see, Matter of Perry v City of New York, 133 AD2d 692). The infancy of the petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (see, Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671). Rather, the focus is on whether the petitioner has a reasonable excuse for the delay in failing to file a timely notice of claim and whether the respondent was prejudiced as a result thereof (see, Matter of Charles v New York City Health & Hosps. Corp., 166 AD2d 526).

In the instant case, the petitioner's excuse for the delay was insufficient (see, Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818). The petitioner's mother's conclusory assertions that she only recently learned of a possible nexus between the petitioner's lung condition and the surgery performed to correct a congenital cardiopulmonary defect is unpersuasive. Moreover, the absence of a nexus between the delay and the petitioner's disability is another factor which, although not dispositive (see, Matter of Kurz v New York City Health & Hosps. Corp., supra, 174 AD2d, at 671), militates against granting leave to serve a late notice of claim (see, Matter of D'Anjou v New York City Health & Hosps. Corp., supra; Matter of Gandia v New York City Hous. Auth., 173 AD2d 824). Furthermore, the respondent has demonstrated that it has been prejudiced by the delay. The notice of claim provided only vague, conclusory allegations of negligence and malpractice, and accordingly, the petitioner's medical records were insufficient to provide actual notice of the nature of the petitioner's claim (see, Matter of D'Anjou v New York City Health & Hosps. Corp., supra, at 820-821; cf., Matter of Kurz v New York City Health & Hosps. Corp., supra, at 673). The appellant was thus deprived of the opportunity to undertake a prompt investigation. Finally, given the appellant's persuasive and unrefuted evidence that the petitioner's alleged current condition was not caused by any malpractice on its part, the petitioner's failure to submit a medical affidavit provides

another reason to deny the application *(see, Matter of Andersen v Nassau County Med. Ctr.,* 135 AD2d 530; *cf., Jenkins v County of Westchester,* 133 AD2d 808). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.