■ In the Matter of ANNE SALTER, Appellant, v HOUSING AUTHORITY OF THE CITY OF NEW YORK et al., Respondents. [674 NYS2d 758] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 21, 1997, which denied the application.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

James Salter, the petitioner's then-infant son, first tested positive for lead toxicity in 1983, and in 1994 he was diagnosed with Attention Deficit Disorder, which might have resulted from the exposure to lead. While the City of New York owned the building in 1983, and the Department of Health had documented the existence of lead paint at the site in January 1984, there is no evidence in the record that the New York City Housing Authority (hereinafter the Housing Authority) or the City were aware of the petitioner's specific claim before the instant proceeding for leave to serve the late notice of claim was commenced in 1996 (see, General Municipal Law § 50-e ■).

Pursuant to General Municipal Law § 50-e (5), the court, in determining whether to permit service of a late notice of claim, must consider whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay (*see, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818). Although the petitioner claimed, *inter alia,* that the nearly 13-year delay in bringing the proceeding was due to James Salter's infancy, which would, generally, toll the Statute of Limitations period (*see,* CPLR 214-c [3]), the petitioner has failed to show any nexus between the disability of infancy and the instant delay which would excuse such a lengthy delay (*cf., Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671).

While the absence of a nexus between the disability and the delay is not fatal to an application for leave to serve a late notice, in this case, the petitioner has also failed to adequately establish that the respondents acquired actual knowledge of the essential facts underlying the claim within 90 days or a reasonable time of the accrual of the claim. Furthermore, because the petitioner has not, since 1990, resided in the building in which the injury alleged occurred, and the City has not owned the building since 1992 and never had the opportunity during its ownership or thereafter to investigate this claim, the petitioner has failed to show that the respondents have not been prejudiced by the extensive delay (*see, Matter of Deegan v City of New York,* 227 AD2d 620; *see also, Matter of Goldstein v Clarkstown Cent. School Dist.,* 208 AD2d 537). The Supreme Court, therefore, did not improvidently exercise its discretion in denying the petitioner's application for leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]).

The petitioner's remaining contention is without merit. Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.