■ In the Matter of TERRELL CUFFEE et al., Respondents, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [680 NYS2d 580] —In a proceeding to pursuant to General Municipal Law § 50-e (5) for leave

to serve a late notice of claim, the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated October 6, 1994, as granted that branch of the petitioners' application which was for leave to serve a late notice of claim upon it.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and that branch of the petitioners' application which was for leave to serve a late notice of claim upon the New York City Housing Authority is denied.

The Supreme Court improvidently exercised its discretion in granting the petitioners' application to serve a late notice of claim against the New York City Housing Authority (hereinafter the Housing Authority). The petitioners failed to submit sufficient evidence adequately explaining their delay in serving the Housing Authority with a notice of claim. Further, it is clear that the delay was not attributable to the injured petitioner's infancy (*see, Matter of Turner v New York City Hous. Auth.,* 243 AD2d 636; *Matter of Fallon v County of Westchester,* 184 AD2d 510). Similarly, there is no support in the record for the petitioners' conclusory and speculative assertion that the Housing Authority acquired actual knowledge of the essential facts constituting the claim within 90 days following its accrual or a reasonable time thereafter (*see, Pecchio v National Safety Envtl.,* 211 AD2d 773; *Matter of McAllister v County of Nassau,* 202 AD2d 670; *see also, Matter of Finneran v City of New York,* 228 AD2d 596, 597). There is no evidence in the record that connects the actions of the Housing Authority Police Officers to the underlying incident or the petitioners' allegations of assault, false arrest, and false imprisonment (*see, Matter of Fallon v County of Westchester, supra,* at 511). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.