■ In the Matter of GWENDOLYN KNIGHTNER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [702 NYS2d 643] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioners appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated September 17, 1998, which denied their application.

Ordered that the order is affirmed, with costs.

The determination of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see, Matter of Sverdlin v City of New York,* 229 AD2d 544, 545; *Matter of Gallino v Village of Shoreham,* 222 AD2d 506; *Matter of Rudisel v City of New York,* 217 AD2d 702). Here, the Supreme Court providently exercised its discretion in denying the petitioners' application. The infancy of the injured petitioner, standing alone, did not compel the granting of an application for leave to serve a late notice of claim (*see, Matter of Bischert v County of Westchester,* 212 AD2d 529). The petitioners failed to establish any nexus between the eight-month delay and the infancy of the injured petitioner which would excuse the delay, and the other excuses for the delay offered by the petitioners were insufficient (*see, Matter of Salter v Housing Auth.,* 251 AD2d 585, 586; *Matter of Bischert v County of Westchester, supra; cf., Henry v City of New York,* 94 NY2d 275).

Contrary to the petitioners' contentions, the respondents did not have actual knowledge of the essential facts constituting the claim within ninety days or a reasonable time thereafter, and the delay prejudiced the respondents' ability to maintain their defense on the merits (*see, Matter of Rudisel v City of New York, supra; Carbone v Town of Brookhaven,* 176 AD2d 778). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.