■ NICOLE D'ERASMO et al., Respondents, v CITY OF YONKERS et al., Appellants. [706 NYS2d 343] —In an action, *inter alia,* to

recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 20, 1999, as denied that branch of their motion which was to dismiss the complaint insofar as asserted on behalf of the infant plaintiff Nicole D'Erasmo, and granted that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

In considering whether or not to grant an application for leave to serve a late notice of claim, the key factors are: (1) whether the municipality acquired actual knowledge of the essential facts of the claim within the statutory 90-day period, (2) whether the petitioner had a reasonable excuse for the delay, and (3) whether the municipality will be substantially prejudiced by the delay in its defense on the merits (*see, Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792; *Matter of Sica v Board of Educ.,* 226 AD2d 542; General Municipal Law § 50-e [5]). Considering these factors, granting the plaintiffs leave to serve a late notice of claim on behalf of the infant plaintiff was a provident exercise of the court's discretion.

The plaintiffs submitted evidence that the defendants had actual knowledge of the facts underlying the claims of the infant plaintiff within the limitation period, and the defendants should not now be heard to complain of prejudice based upon their argument that employees with knowledge of the facts may no longer work at the school (*cf., Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 673). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.