■ In the Matter of CHRISTOPHER FIERRO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [706 NYS2d 451] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 11, 1999, which denied the application.

Ordered that the order is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof denying the petition as to Christopher Fierro, and

substituting therefor a provision granting the petition as to Christopher Fierro; as so modified, the order is affirmed, with one bill of costs to the appellants.

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), a court must consider if there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and if the public corporation's defense would be substantially prejudiced by the delay (*see, Matter of Salter v Housing Auth.*, 251 AD2d 585). When an infant claimant is involved, the court possesses the discretion to consider whether to afford the infant the tolling effect of CPLR 208 to permit the late filing of a notice of claim during the period of infancy (*see, Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256; *Perry v City of New York*, 238 AD2d 326; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671). Under the facts of this case, we find that the Supreme Court improvidently denied the application insofar as the infant petitioner was concerned.

The petitioners' alleged continuing reliance upon the respondents' representations that the premises had been successfully remediated for lead paint contamination constitutes a facially reasonable excuse for their inactivity under the circumstances of this case. Additionally, the respondent Department of Health is in possession of records generated by its employees who investigated the lead contamination in the petitioners' home as far back as 1988, and thus, had actual timely notice of the facts underlying the claim (*see, Matter of Battle v City of New York*, 261 AD2d 614). The existence of those records demonstrates that the respondents cannot claim prejudice as a result of the petitioners' delay in filing a notice of claim (*see, Matter of Battle v City of New York, supra*). Thus, the interests of fairness militate in favor of the discretionary application of the infancy toll (*see, Cohen v Pearl Riv. Union Free School Dist., supra*, at 265), and the application should have been granted with respect to the infant petitioner.

We have reviewed the parties' remaining contentions and find them to be without merit. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.