■ In the Matter of ROBERT RUSSO, Individually and as Parent and Natural Guardian of ERICA L. RUSSO, et al., Respondents, v MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, Appellant. [723 NYS2d 198] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Monroe-Woodbury Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 2, 2000, as granted the petitioners' motion, in effect, for leave to reargue, and, upon reargument, granted that branch of the petitioners' application which was for leave to serve a late notice of claim on behalf of the infant petitioners.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Supreme Court must consider if there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and if the defense would be substantially prejudiced by the delay (*see, Matter of Salter v Housing Auth.,* 251 AD2d 585). When an infant claimant is involved, the Supreme Court has the discretion to consider whether to afford the infant the tolling effect of CPLR 208 to permit late service of a notice of claim during the period of infancy (*see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Fierro v City of New York,* 271 AD2d 608, 609).

The Supreme Court providently exercised its discretion in granting leave to reargue (*see,* CPLR 2221 [d] [2]), and thereupon granting leave to serve a late notice of claim on behalf of the infant petitioners. The application was made within the one year and 90-day Statute of Limitations, which, in any event, was tolled by their infancy (*see,* General Municipal Law § 50-e [5]; § 50-i [1] [c]; CPLR 208; *Henry v City of New York,* 94 NY2d 275; *Smith v Long Beach City School Dist.,* 276 AD2d 785; *Genow v Board of Educ.,* 271 AD2d 406).

Since the appellant received complaints within three days of the initial incident, it had actual notice of the facts underlying the claims within 90 days of when the claims arose (*see, Drozdzal v Rensselaer City School Dist.,* 277 AD2d 645; *Matter of Fierro v City of New York, supra*; *Scuteri v Watkins Glen Cent. School Dist.,* 261 AD2d 779). The failure to serve the notice of claim in a timely fashion was related to the infancy of the infant petitioners (*see, Sanna v Bethpage Pub. Schools Union Free School Dist. 21,* 193 AD2d 606). In any event, a failure to establish a nexus between the delay and the petitioners' infancy is not fatal in cases where, as here, knowledge of the facts alleged in the claims was received contemporaneously and there is no prejudice due to the delay (*see, Matter of Salter v Housing Auth., supra*; *see also, Drozdzal v Rensselaer City School Dist., supra*; *Scuteri v Watkins Glen Cent. School Dist., supra,* at 780). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.