■ Joseph Rabanar et al., Respondents, v City of Yonkers, Appellant. [736 NYS2d 93] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 30, 2000, as denied that branch of its motion which was to dismiss the complaint insofar as asserted by the infant plaintiff for failure to timely serve a notice of claim, and granted that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted by the infant plaintiff is granted, that branch of the cross motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff is denied, and the complaint is dismissed in its entirety.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the infant

plaintiff 14 months after the subject motor vehicle accident. In determining whether to grant leave to serve a late notice of claim, a court should consider whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, whether the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see,* General Municipal Law § 50-e [1] [a]; [5]; *Matter of Resto v City of New York,* 240 AD2d 499, 500; *Matter of Deegan v City of New York,* 227 AD2d 620). Here, the police accident report and the investigator's diagram completed shortly after the accident did not provide the defendant with actual notice of the essential facts constituting the plaintiffs' claim, i.e., that a street light in the vicinity of the accident was not working. Those reports merely described the circumstances surrounding the accident and made no connection between the infant plaintiff's injuries and the allegedly negligent conduct of the defendant (*see, Mack v City of New York,* 265 AD2d 308; *Matter of Gilliam v City of New York,* 250 AD2d 680; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408).

Furthermore, while infancy will automatically toll the one-year and 90-day statute of limitations for commencing an action against a municipality (*see,* General Municipal Law § 50-i; CPLR 208; *Henry v City of New York,* 94 NY2d 275), the "infancy of the injured [plaintiff], standing alone, did not compel the granting of an application for leave to serve a late notice of claim" (*Knightner v City of New York,* 269 AD2d 397). If a plaintiff asserts infancy as the reason for failing to timely serve a notice of claim, it is incumbent upon that plaintiff to show a nexus between the delay and the infancy. In the case at bar, the infant plaintiff failed to demonstrate such a connection (*see, Matter of Cuffee v City of New York,* 255 AD2d 440; *Matter of Turner v New York City Hous. Auth.,* 243 AD2d 636).

Finally, granting leave to serve a late notice of claim would result in prejudice to the defendant since the passage of time and changed conditions prevent an accurate reconstruction of the circumstances existing at the time of the accident (*see, Matter of Merino v Metropolitan Transp. Auth.,* 204 AD2d 329; *Carbone v Town of Brookhaven,* 176 AD2d 778).

Accordingly, the Supreme Court erred in granting leave to serve a late notice of claim on behalf of the infant plaintiff, and the complaint is dismissed insofar as asserted on his behalf. Santucci, J.P., Altman, Florio, H. Miller and Cozier, JJ., concur.