■ In the Matter of TAKEYA BROWN, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [741 NYS2d 281] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the appeal is from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 30, 2001, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim on behalf of the infant plaintiff nearly eight years after the child allegedly was physically abused while in the custody of her grandmother. In the petition, the child's mother, on behalf of the child, alleged that the child's injuries were the result of negligent supervision by the appellants County of Westchester and Westchester County Department of Social Services regarding the custodial arrangement.

In determining whether to grant an application for leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) the claimant was an infant or was mentally or physically incapacitated, (3) the movant has demonstrated a reasonable excuse for the delay in serving a notice of claim, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Rabanar v City of Yonkers,* 290 AD2d 428; *Matter of Resto v City of New York,* 240 AD2d 499, 500). The "infancy of the injured petitioner, standing alone, [does] not compel the granting of an application for leave to serve a late notice of claim" (*Matter of Knightner v City of New York,* 269 AD2d 397). If the reason for the failure to timely serve the notice of claim is infancy, then it is incumbent upon the movant to demonstrate a nexus between the delay in serving the notice and the infancy.

In this case, the movant failed to demonstrate a reasonable excuse for the lengthy delay or that there was a nexus between

the claimant's infancy and the delay in serving the notice (*see Matter of Cuffee v City of New York,* 255 AD2d 440, 441). We disagree with the Supreme Court's conclusion that the appellants "acquired actual knowledge of the facts underlying the subject claim within the statutory period or a reasonable period thereafter" by virtue of the fact that the records of the Westchester County Department of Social Services were always in their possession. " 'What satisfies the statute is not knowledge of the wrong, but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed' " (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543; *see Matter of Shapiro v County of Nassau,* 208 AD2d 545). While the records in question contain information germane to the claim, they do not apprise the appellants of the specific allegation that they were negligent in their supervision of the infant's custodial arrangement (*see Johnson v County of Suffolk,* 238 AD2d 480). Therefore, the sheer passage of time will prejudice the respondents in their ability to defend (*see Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820-821; *see also Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 10-11).

In light of these circumstances, the Supreme Court erred in granting the petition for leave to serve a late notice of claim on behalf of the infant plaintiff. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.