■ MICHAEL BERG et al., Appellants, v TOWN OF OYSTER BAY et al., Respondents, et al., Defendant. [752 NYS2d 58] —Appeal by Michael Berg, an infant, by his mother and natural guardian Susan Berg, and Susan Berg individually, from an order of the Supreme Court, Nassau County (Parga, J.), entered September 25, 2001, which denied their motion pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim on behalf of Michael Berg.

Ordered that the appeal by Susan Berg, individually, is dismissed, as she is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court providently exercised its discretion in denying the motion for leave to serve a late notice of claim some two years after the claim arose.

In determining whether to grant an application for leave to serve a late notice of claim, a court should consider (1) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) whether the claimant demonstrated a reasonable excuse for the delay in filing a notice of claim, and (3) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Rabanar v City of Yonkers,* 290 AD2d 428; *Matter of Resto v City of New York,* 240 AD2d 499). Furthermore, the "infancy of the injured [appellant], standing alone, [does] not compel the granting of an application for leave to serve a late notice of claim" (*Knightner v City of New York,* 269 AD2d 397). If the reason for failure to timely file the notice of claim is infancy, then it is incumbent upon the claimant to demonstrate a nexus between the delay and the infancy. In this case, the appellants failed to demonstrate a reasonable excuse for the lengthy delay, or that there was a nexus between the infancy of the appellant and the delay (*see Knightner v City of New York; supra; Matter of Cuffee v City of New York,* 255 AD2d 440). Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.