■ KATHLEEN M. PERRE et al., Respondents, v TOWN OF POUGHKEEPSIE, Appellant. [752 NYS2d 68] —Appeal by the Town of Poughkeepsie from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 7, 2002, which granted the application of Kathleen M. Perre and William A. Perre, individually and as parents and natural guardians of Taylor M. Perre, for leave to serve a late notice of claim.

Ordered that the order is reversed, as a matter of discretion, with costs, and the application is denied.

The Supreme Court improvidently exercised its discretion in granting the respondents' application for leave to serve a late notice of claim. A proposed notice of claim must contain enough information so that the municipal authorities can locate the place, fix the time, and understand the nature of the claim (*see Brown v City of New York,* 95 NY2d 389, 393; *Palmieri v New York City Tr. Auth.,* 288 AD2d 361, 362; General Municipal Law § 50-e [6]). Here, in describing how the accident occurred, the respondents' proposed notice of claim and accompanying affidavit only stated that the injured infant respondent slipped and fell in the appellant's playground and sustained serious personal injuries as the result of a dangerous condition which was later described as improper playground surface material. This proposed notice did not provide the appellant with actual notice of the essential facts constituting the respondents' claim, i.e., that the infant respondent fell from an elevated piece of playground equipment (*see Rabanar v City of Yonkers,* 290 AD2d 428; *Gellos v Town of Hempstead,* 284 AD2d 370). Moreover, certain information relied upon by the Supreme Court and submitted by the respondents was improperly before the court because it was supplied for the first time in the respondents' reply papers (*see Klimis v Lopez,* 290 AD2d 538).

Further, in determining whether to grant an application for leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider certain factors, including (1) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (2) whether the claimant was an infant, (3) whether the movant demonstrated a reasonable excuse for the delay in serving a notice of claim, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Matter of Brown v County of Westchester,* 293 AD2d 748). Here, the respondents did not demonstrate a reasonable excuse for the delay, in that there was no nexus between the injured respondent's infancy and the delay in serving the notice (*see Matter of Brown v County of Westchester, supra; Matter of Knightner v City of New York,* 269 AD2d 397; *Matter of Cuffee v City of New York,* 255 AD2d 440). Additionally, the appellant did not acquire knowledge of the specific claim, but only a general knowledge that a wrong may have been committed (*see Matter of Brown v County of Westchester, supra; Matter of Yearusskaya v New York City Tr. Auth.,* 279 AD2d 583).

Finally, granting leave to serve a late notice of claim would result in prejudice to the appellant since it has been denied the opportunity to investigate the facts and defend itself on the merits due to the passage of time, the lack of clarity regarding the nature of the respondents' claim, and the possible changed condition of the accident site (*see Rabanar v City of Yonkers, supra; Matter of Gilliam v City of New York,* 250 AD2d 680). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.