◼ In the Matter of HOSSANA REGINA COTTEN et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [763 NYS2d 474] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated February 6, 2002, which denied their application.

Ordered that the order is affirmed, with costs.

In determining whether to grant leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see* General Municipal Law § 50-e [5]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Fierro v City of New York,* 271 AD2d 608 [2000]; *Matter of Gaffney v Town of Hempstead,* 226 AD2d 721, 722 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 9 [1995]). The question of whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court *(see Moise v County of Nassau,* 234 AD2d 275 [1996]).

While infancy will automatically toll the one year and 90-day statute of limitations for commencing an action against a municipality *(see* General Municipal Law § 50-i; CPLR 208; *Henry v City of New York,* 94 NY2d 275 [1999]), the infancy of an injured petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim *(see Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 266 [1980]; *Matter of Brown v County of Westchester, supra; Matter of Knightner v City of New York,* 269 AD2d 397 [2000]). Here, the delay of more than seven years was not attributable to the injured petitioner's infancy. While this fact is

not automatically fatal to an application for permission to serve a late notice, "the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief" *(Matter of D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818, 820 [1993], quoting *Matter of Gandia v New York City Hous. Auth.*, 173 AD2d 824 [1991]; *see also Salter v Housing Auth. of City of N.Y.*, 251 AD2d 585, 586 [1998]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 672 [1991]).

In this case, the petitioner has shown no nexus between the excuse offered for the delay, i.e., the infancy of the injured petitioner, and the delay in filing the notice of claim. Moreover, she has raised no other cognizable reason for the delay because her contentions that she was "unsophisticated about the legal system" and unaware of the possibility of a lawsuit are not reasonable excuses for her failure to serve a timely notice of claim *(see e.g. Matter of Gaffney v Town of Hempstead, supra; Ribeiro v Town of N. Hempstead*, 200 AD2d 730 [1994]; *Matter of D'Anjou v New York City Health & Hosps. Corp., supra* at 820).

Contrary to the petitioners' contention, this Court's holding in *Matter of Kurz v New York City Health & Hosps. Corp. (supra)*, is not inconsistent with a subsequent decision of this Court, *Rabanar v City of Yonkers* (290 AD2d 428 [2002]). The facts of these two cases are distinguishable. In *Matter of Kurz,* the petitioner sought leave to serve a late notice of claim alleging medical malpractice in the birth of the petitioner's two infant children. This Court found that the Supreme Court properly granted the petitioner's application. In this regard, this Court found that the defendant's possession of the children's medical records since the time of the alleged malpractice provided the hospital with actual notice of the claim and the underlying facts within the statutory period *(see Matter of Kurz v New York City Health & Hosps. Corp., supra* at 673). In contrast, in the case of *Rabanar v City of Yonkers (supra),* infancy, without a nexus between the delay and the infancy, was advanced as the sole basis for failing to timely file a notice of claim and the court found that the municipality did not have actual notice of the essential facts constituting the plaintiff's case *(see Rabanar v City of Yonkers, supra* at 429).

In this case, the petitioners have not shown a nexus between the infancy and the delay, and this Court is not persuaded by the petitioners' assertion that the respondents had actual notice of the claim and will not be prejudiced by the delay *(see Matter of D'Anjou v New York City Health & Hosps. Corp.,*

*supra; Matter of Morrison v New York City Health & Hosps. Corp.*, 244 AD2d 487 [1997]; *Moise v County of Nassau, supra; Matter of Fallon v County of Westchester*, 184 AD2d 510 [1992]; *Matter of Aviles v New York City Health & Hosps. Corp.*, 172 AD2d 237 [1991]; *Perkins v New York City Health & Hosps. Corp.*, 167 AD2d 150 [1990]). As stated by this Court, "[w]hat satisfies the statute is not knowledge of the wrong, but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [1996]; *see also Matter of Brown v County of Westchester*, 293 AD2d 748, 749 [2002], *supra*).

Accordingly, the Supreme Court providently exercised its discretion in denying the petitioners' application. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.