■ LISA FRITH, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [771 NYS2d 392]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated October 9, 2002, as, upon granting her motion for leave to reargue and renew her prior motion to deem a late notice of claim timely served, or in the alternative, for leave to serve a late notice of claim, adhered to its prior determination dated April 10, 2002, denying her motion.

Ordered that the order is reversed insofar as appealed from,

on the facts and as a matter of discretion, with costs, upon reargument and renewal, the order dated April 10, 2002, is vacated, and that branch of the plaintiff's motion which was, in the alternative, for leave to serve a late notice of claim is granted.

In determining whether to permit service of a late notice of claim pursuant to General Municipal Law § 50-e, a court should consider all relevant facts and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense on the merits would be substantially prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003], *lv denied* 1 NY3d 502 [2003]; *Matter of Fierro v City of New York,* 271 AD2d 608, 609 [2000]; *Matter of Gaffney v Town of Hempstead,* 226 AD2d 721, 722 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 9 [1995]).

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's original motion which was for leave to serve a late notice of claim on behalf of the infant. The plaintiff demonstrated a reasonable excuse for the delay in serving the notice of claim. Moreover, the record contains evidence that the plaintiff complained of chipping paint in the apartment in question, located in a building owned by the defendant New York City Housing Authority (hereinafter the NYCHA), at or about the time of the infant's diagnosis with lead paint poisoning. Thus, the NYCHA had actual knowledge of the facts underlying the claim of the infant within the limitations period (*see Matter of Russo v Monroe-Woodbury Cent. School Dist.,* 282 AD2d 465, 466 [2001]; *D'Erasmo v City of Yonkers,* 271 AD2d 393, 394 [2000]). Finally, the NYCHA failed to make a compelling showing that it would be prejudiced by the delay. Accordingly, the Supreme Court should have granted the plaintiff leave to serve a late notice of claim. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.