■ In the Matter of RUTH N. MASAAZI, Appellant, v NEW YORK CITY BOARD OF EDUCATION PUBLIC SCHOOL NO. 133 et al., Respondents. [772 NYS2d 555]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, Ruth Nsubuga Masaazi,

an infant, by her mother and natural guardian Jane Nsubuga Masaazi, appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated September 30, 2002, which denied the application.

Ordered that the order is affirmed, with costs.

In determining whether to grant an application for leave to serve a late notice of claim, the court should consider (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) whether the claimant demonstrated a reasonable excuse for the delay in filing a notice of claim, and (3) whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e; *Rabanar v City of Yonkers,* 290 AD2d 428 [2002]; *Matter of Resto v City of New York,* 240 AD2d 499 [1997]). In addition, the "infancy of the injured [appellant], standing alone, [does] not compel the granting of an application for leave to serve a late notice of claim" (*Matter of Knightner v City of New York,* 269 AD2d 397 [2000]). If the reason for failure to timely serve the notice of claim is infancy, then it is incumbent upon the claimant to demonstrate a nexus between the delay and the infancy. In this case, the appellant failed to demonstrate a reasonable excuse for the lengthy delay, or that there was a nexus between the infancy of the appellant and the delay (*see Knightner v City of New York, supra*). Furthermore, the appellant failed to demonstrate that the public corporation either had notice of the essential facts in this matter or would not suffer substantial prejudice if it were required to maintain a defense on the merits (*see Rabanar v City of Yonkers, supra*). Therefore, leave to serve a late notice of claim was properly denied. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.