■ VERONICA MALDONALDO, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [777 NYS2d 129]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 9, 2003, as denied that branch of the motion of the defendants City of New York, New

York City Department of Transportation, and New York City Transit Authority which was to dismiss the complaint insofar as asserted against it for failure to serve a notice of claim, and as granted the plaintiff's cross motion for leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the appellant for failure to serve a notice of claim is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On March 31, 1999, the plaintiff allegedly sustained injuries at a subway station when a construction barrier fell on her. She commenced an action against, among others, the New York City Transit Authority (hereinafter the Transit Authority). Thereafter, the defendants City of New York, New York City Department of Transportation, and New York City Transit Authority moved to dismiss the complaint contending, inter alia, that the plaintiff failed to serve a notice of claim on the Transit Authority. The plaintiff cross-moved for leave to serve a late notice of claim. The Supreme Court, inter alia, denied that branch of the motion which was to dismiss the complaint insofar as asserted against the Transit Authority for failure to serve a notice of claim, and granted the plaintiff's cross motion. We reverse insofar as appealed from.

In determining whether to grant a motion for leave to serve a late notice of claim, a court shall consider all relevant factors including: (1) whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) whether the claimant was an infant, (3) whether the claimant demonstrated a reasonable excuse for the delay in serving a notice of claim, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Perre v Town of Poughkeepsie, 300 AD2d 379, 380 [2002]; Rabanar v City of Yonkers, 290 AD2d 428, 429 [2002]; Matter of Resto v City of New York, 240 AD2d 499, 500 [1997]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to serve a late notice of claim. The Transit Authority did not acquire actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or a reasonable time thereafter. Furthermore, the plaintiff failed to demonstrate a reasonable excuse for

the delay in serving the notice, or that there was a nexus between the plaintiff's infancy and the delay (*see Matter of Cotten v County of Nassau*, 307 AD2d 965, 966 [2003], *lv denied* 1 NY3d 502 [2003]; *Perre v Town of Poughkeepsie, supra; Berg v Town of Oyster Bay*, 300 AD2d 330 [2002]; *Matter of Knightner v City of New York*, 269 AD2d 397 [2000]). Finally, granting leave to serve a late notice of claim would prejudice the Transit Authority since it was denied the opportunity to investigate the facts and defend itself on the merits due to the passage of time and the possible changed condition of the accident site (*see Perre v Town of Poughkeepsie, supra* at 381; *Rabanar v City of Yonkers, supra*).

We note that the Supreme Court lacked authority to grant the cross motion because it was made more than one year and 90 days after the plaintiff's infancy ended (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Mazzola v Kelly*, 281 AD2d 604 [2001]). We do not, however, rest our determination on this ground, since it was raised for the first time on appeal (*see Matter of Matarrese v New York City Health & Hosps. Corp.*, 247 AD2d 475, 476 [1998]).

To the extent that the brief filed purports to be on behalf of the defendants City of New York and New York City Department of Transportation, it is disregarded as no notice of appeal was filed by those defendants (*see Field v New York City Tr. Auth.*, 4 AD3d 389 [2004]; *Geoghegan v Peninsula Hosp. Ctr.*, 309 AD2d 834 [2003]), and the Transit Authority's attorney does not represent them. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.