In the Matter of MARIA FLORES et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [777 NYS2d 739]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Phelan, J.), dated November 15, 2002, which granted the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim more than nine years after the alleged malpractice which resulted in the infant's injuries. In determining whether to grant leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215

AD2d 7, 9 [1995]). The question of whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court (*see Moise v County of Nassau,* 234 AD2d 275, 276 [1996]).

While infancy will automatically toll the one year and 90-day statute of limitations for commencing an action against a municipality (*see* General Municipal Law § 50-i; CPLR 208; *Henry v City of New York,* 94 NY2d 275 [1999]), the infancy of an injured petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (*see Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 266 [1980]; *Matter of Brown v County of Westchester, supra; Matter of Knightner v City of New York,* 269 AD2d 397 [2000]).

Despite the petitioners' conclusory contention to the contrary, the delay of more than nine years in moving for leave to serve a late notice of claim was not attributable to the infancy of their son (*see Matter of Cotten v County of Nassau, supra; Matter of Brown v County of Westchester, supra* at 748-749; *Rabanar v City of Yonkers,* 290 AD2d 428, 429 [2002]; *Matter of Cuffee v City of New York,* 255 AD2d 440, 441 [1998]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra* at 9-10). Moreover, the fact that the petitioners allegedly were unaware of the possibility of commencing a lawsuit is not a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Cotten v County of Nassau, supra* at 966; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820 [1993]).

In addition, the petitioners originally retained counsel in 1995 regarding the injuries sustained by the infant. The petitioners' former counsel thereafter requested and received from the appellants all of the relevant medical records. The petitioners offered no explanation for the six-year gap between their former counsel's receipt of the medical records and the retention of current counsel in 2001. Thus, the petitioners failed to demonstrate any excuse for the delay in moving for leave to serve the late notice of claim (*see Matter of Cotten v County of Nassau, supra* at 965-966; *Matter of Brown v County of Westchester, supra* at 748-749; *Matter of Cuffee v City of New York, supra).*

Finally, the petitioners failed to establish that the appellants would not be substantially prejudiced in maintaining their defense on the merits as a result of the more than nine-year delay in moving for leave to serve the notice of claim (*see Moise v County of Nassau, supra; Matter of Matarrese v New York City Health & Hosps. Corp., supra* at 10-11). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.