■ In the Matter of LEAH ALEXANDER, Respondent, v BOARD OF EDUCATION FOR THE VILLAGE OF MAMARONECK, et al., Appellants. [794 NYS2d 687]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (Murphy, J.), entered July 28, 2004, which granted the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The determination whether to grant leave to serve a late notice of claim is a question committed to the sound discretion of the court (*see Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579 [1994]). In determining whether to permit the service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the claimant is an infant, (2) the petitioner demonstrated a reasonable excuse for failing to timely serve a notice of claim, (3) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (4) the delay in serving the notice of claim would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Fuentes v County of Nassau*, 15 AD3d 346 [2005]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]). One of the factors that should be accorded great weight

is whether the municipality received actual knowledge of the facts constituting the claim in a timely manner (*see Matter of Jasinski v HB Ward Tech. School*, 306 AD2d 347 [2003]; *Matter of Canty v City of New York*, 273 AD2d 467, 468 [2000]).

The Supreme Court improvidently exercised its discretion in granting leave to serve a late notice of claim, as the record clearly indicated that the appellants did not receive timely knowledge of the facts constituting the underlying negligent supervision claim. Moreover, the petitioner did not demonstrate a reasonable excuse for the delay in serving the notice of claim and failed to demonstrate lack of substantial prejudice (*see Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Medley v Cichon*, 305 AD2d 643, 645 [2003]). Accordingly, the petition should have been denied. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.