■ In the Matter of Bernardo Acosta, Respondent, v City of New York, Appellant. [834 NYS2d 267]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City of New York appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated May 31, 2006, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]; *Matter of Hicks v City of New York*, 8 AD3d 566, 566-567 [2004]; *Matter of Fierro v City of New York*, 271 AD2d 608, 609 [2000]; *Matter of Gaffney v Town of Hempstead*, 226 AD2d 721, 722 [1996]).

Here, the petitioner failed to establish that the City of New York had actual notice of the essential facts constituting his claim. The police accident report did not provide the City with actual notice of the essential facts underlying the petitioner's claim (*see Matter of McHugh v City of New York*, 293 AD2d 478 [2002]; *Rabanar v City of Yonkers*, 290 AD2d 428, 429 [2002]), and did not connect the subject accident to any negligence on the City's part (*see Matter of Haeg v County of Suffolk*, 30 AD3d 519, 520 [2006]; *Rabanar v City of Yonkers, supra*).

Moreover, the petitioner's delay of more than one year after the subject accident in seeking to serve a notice of claim prejudiced the City's ability to maintain a defense (*see Matter of Henriques v City of New York, supra*). Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.