■ In the Matter of MORGAN BUCHER et al., Respondents, v TOWN OF EASTCHESTER et al., Appellants. [837 NYS2d 224]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve late notices of claim, the Town of Eastchester appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered May 10, 2006, as granted that branch of the petition which was for leave to serve

upon it a late notice of claim on behalf of the infant petitioner Morgan Bucher, and the Eastchester Union Free School District separately appeals, as limited by its brief, from so much of the same order as granted that branch of the petition which was for leave to serve upon it a late notice of claim on behalf of the infant petitioner Morgan Bucher.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the petition which were for leave to serve late notices of claim on behalf of the infant petitioner Morgan Bucher upon the appellants are denied.

The Supreme Court improvidently exercised its discretion in granting those branches of the petition which were for leave to serve late notices of claim on behalf of the infant petitioner. No causal nexus was established between the infancy of the petitioner and the delay in commencing the proceeding (see *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671 [1991]), nor did the petitioners otherwise demonstrate a reasonable excuse for the delay (see e.g. *Hebbard v Carpenter*, 37 AD3d 538 [2007]; *Matter of Nieves v Girimonte*, 309 AD2d 753 [2003]).

Additionally, the petitioners failed to establish that the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter (see General Municipal Law § 50-e [5]; *Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758 [2006]; *Matter of Cotten v County of Nassau, supra; Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]). In this regard, the appellants' alleged knowledge that contaminated fill material had been dumped at the subject sites failed to provide them with actual knowledge that an airborne health hazard may have been created as a result, or that said condition purportedly may have caused the infant petitioner's birth defects (see *Matter of Carpenter v City of New York*, 30 AD3d 594 [2006]; *Matter of Price v Board of Educ. of City of Yonkers*, 300 AD2d 310 [2002]).

Finally, the petitioners failed to demonstrate that the appellants were not prejudiced in their ability to investigate the incident and prepare a defense as a result of the petitioners' delay in providing notice of the specific facts of the claim, and the prejudice to the appellants is apparent from the record (see *Breeden v Valentino*, 19 AD3d 527 [2005]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Alexander v City of New York*, 2 AD3d 332 [2003]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635 [2003]; *Matter of Lorseille v New York City Hous.*

*Auth.,* 295 AD2d 612 [2002]). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.