■ LILLIAN ARIAS, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (KINGS COUNTY HOSPITAL CENTER), Appellant. [854 NYS2d 664]—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated February 15, 2006, which granted the plaintiff's motion pursuant to General Municipal Law § 50-e (5) to deem her notice of claim timely served nunc pro tunc.

In an action to recover damages for medical malpractice, the defendant appeals (1) from an order of the Supreme Court, Kings County (Jackson, J.), dated March 1, 2007, and (2), as limited by its brief, from so much of an order of the same court dated April 25, 2007, as, upon sua sponte recalling and vacating the order dated March 1, 2007, to correct a typographical error, and upon granting its motion for leave to renew its opposition to the plaintiff's prior motion pursuant to General Municipal Law § 50-e (5) to deem her notice of claim timely served nunc pro tunc, adhered to a prior determination in an order of the same court dated February 15, 2006 granting the plaintiff's motion.

Ordered that the appeal from the order dated March 1, 2007 is dismissed, as that order was recalled and vacated by the order dated April 25, 2007; and it is further,

Ordered that the order dated April 25, 2007 is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, upon renewal, the order dated February 15, 2006 is vacated, and the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to deem her notice of claim timely served nunc pro tunc is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to deem her notice of claim, served more than nine years after the alleged malpractice, timely served nunc pro tunc (see *Williams v Nassau County Med. Ctr.,* 13 AD3d 363 [2004], *affd* 6 NY3d 531 [2006]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]). In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 13 AD3d 363 [2004]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7 [1995]).

A claimant's infancy will automatically toll the applicable one-year and 90-day statute of limitations for commencing an action against a municipality (*see* General Municipal Law § 50-i; *Henry v City of New York,* 94 NY2d 275 [1999]). However, the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr.,* 13 AD3d 363 [2004]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]).

In this case, the delay of more than nine years after the alleged malpractice in moving for leave to deem the notice of claim timely served was not the product of the plaintiff's infancy (*see Williams v Nassau County Med. Ctr.,* 13 AD3d 363 [2004]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409 [2003]; *Berg v Town of Oyster Bay,* 300 AD2d 330 [2002]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7 [1995]).

In addition, although General Municipal Law § 50-e (5) does not expressly enumerate as a factor whether the plaintiff had a reasonable excuse for not serving a timely notice of claim, in numerous cases construing the statute, courts have considered that factor (*see e.g. Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138 [2d Dept 2008]; *Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon,* 41 AD3d 404, 405-406 [2007]; *Casias v City of New York,* 39 AD3d 681, 683 [2007]; *Matter of Corvera v Nassau County Health Care Corp.,* 38 AD3d 775, 777 [2007]). Thus, while the absence of a reasonable excuse does not compel the denial of leave, when, as here, that absence is coupled with other factors, such as prejudice to the municipality and lack of notice, leave must be denied (*see Matter of Cotten v County of Nassau,* 307 AD2d 965, 966 [2003]; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820 [1993]; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 487-488 [1997]).

We are not persuaded that the defendant had actual notice of the claim within the requisite 90-day period, or within a reasonable time thereafter. Although the defendant was in possession of the pertinent medical records, that alone was insufficient to establish notice of the specific claim. The municipality must have actual knowledge of the essential facts constituting the claim, and "not general knowledge that a wrong has been com-

mitted" (*Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [1996]; *see Matter of Brown v County of Westchester*, 293 AD2d 748, 749 [2002]). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, *by its acts or omissions*, inflicted any injury on plaintiff" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006] [emphasis added]).

Moreover, the plaintiff failed to establish that the defendant would not be substantially prejudiced in maintaining its defense on the merits as a result of the more than nine-year delay in moving for leave to deem the notice of claim timely served nunc pro tunc (*see Williams v Nassau County Med. Ctr.*, 13 AD3d 363 [2004]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Moise v County of Nassau*, 234 AD2d 275 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7 [1995]). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.