■ Migdoel Martinez, Appellant, v City of New York, Respondent. [879 NYS2d 589]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 11, 2007, as denied that branch of his motion which was for leave to renew his motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim nunc pro tunc, which had been denied in an order dated January 5, 2007.

Ordered that the order dated July 11, 2007 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to renew and substituting therefor a provision granting that branch of the motion, and upon renewal, adhering to the original determination in the order dated January 5, 2007, denying the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim nunc pro tunc; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in denying renewal to the plaintiff on the basis that the evidence relied upon in moving for renewal may have been known to him at the time he had originally made his motion (*see Wilder v May Dept. Stores Co.*, 23 AD3d 646, 648 [2005]). However, upon renewal, the order dated January 5, 2007, denying that branch of the motion which was for leave to serve a late notice of claim nunc pro tunc with respect to the claim which allegedly arose on January 7, 2004, should have been adhered to.

In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially

prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 13 AD3d 363, 364 [2004]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 9 [1995]). Here, the plaintiff failed to establish that the defendant had actual notice of the claim within the requisite 90-day period, or within a reasonable time thereafter. "The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]). The plaintiff also failed to establish that the defendant would not be substantially prejudiced in maintaining its defense on the merits (*see Williams v Nassau County Med. Ctr.,* 13 AD3d at 364-365; *Matter of Flores v County of Nassau,* 8 AD3d at 378; *Matter of O'Neal v New York City Hous. Auth.,* 6 AD3d 445 [2004]; *Matter of Salter v Housing Auth. of City of N.Y.,* 251 AD2d 585, 586 [1998]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 11 [1995]).

Further, although not expressly enumerated as a statutory factor (*see* General Municipal Law § 50-e [5]), the plaintiff did not demonstrate a reasonable excuse for not serving a timely notice of claim (*see Casias v City of New York,* 39 AD3d 681, 683 [2007]; *Matter of Corvera v Nassau County Health Care Corp.,* 38 AD3d 775, 777 [2007]; *Matter of Salter v Housing Auth. of City of N.Y.,* 251 AD2d 585, 586 [1998]). While the absence of a reasonable excuse does not compel the denial of leave, when, as here, that absence is coupled with other factors such as prejudice to the municipality and lack of notice, leave must be denied (*see Matter of Cotten v County of Nassau,* 307 AD2d at 966; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 487-488 [1997]).

The Supreme Court, therefore, did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.