■ WEBSTER MOISE, an Infant, by His Parent and Natural Guardian, MARY ANGLADE, Appellant, v COUNTY OF NASSAU, Respondent. [650 NYS2d 785] —In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kohn, J.), dated November 15, 1995, which denied his motion pursuant to General Municipal Law § 50-e (5) to deem his late notice of claim timely served, and (2) an order of the same court, dated March 18, 1996, which· denied his motion for reargument, and granted the defendant's cross motion to dismiss the complaint for failure to timely serve a notice of claim.

Ordered that the appeal from the order dated November 15, 1995, is dismissed, as that order was superseded by so much of the order dated March 18, 1996, as dismissed the complaint; and it is further,

Ordered that the appeal from so much of the order dated March 18, 1996, as denied the plaintiff's motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 18, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that in determining an application for leave to serve a late notice of claim, the court must consider all relevant facts and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay *(see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818). The question of whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court *(see, Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, *supra; Matter of Bischert v County of Westchester,* 212 AD2d 529). .

Applying these principles, we find that the court did not improvidently exercise its discretion in denying the infant plaintiff's motion to deem his late notice of claim timely served. Although the infant's mother attempted to explain why she did not consult an attorney until her son was seven years old, no adequate excuse was offered for counsel's additional six month delay in serving a notice of claim *(see, Matter of Morehead II v Westchester County,* 222 AD2d 507). Moreover, the plaintiff's assertion that counsel needed additional time to investigate the merits of his malpractice claim is insufficient to justify the nearly two year delay between service of the late notice of claim, and making this application. Furthermore, since there is nothing in the record to establish a nexus between the alleged malpractice on the part of the Nassau County Medical Center and the infant plaintiff's subsequent developmental delays, the medical records alone did not alert the County to the facts underlying the claim *(see, Fallon v County of Westchester,* 184 AD2d 510). Finally, we note that the County would be prejudiced if the plaintiff's late notice of claim were to be deemed timely, since four doctors who either provided prenatal care to the mother in 1985, or assisted in the infant's delivery, are no longer employed by the County *(see, Matter of Matarrese v New York City Health & Hosps. Corp., supra).* Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.