◼ In the Matter of RACHEL DJEDDAH, Appellant, v COUNTY OF WESTCHESTER, Respondent. [658 NYS2d 66] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered January 31, 1996, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The key factors in determining whether leave to serve a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605, 606; *Matter of O'Mara v Town of Cortlandt*, 210 AD2d 337, 338; *Levette v Triborough Bridge & Tunnel Auth.*, 207 AD2d 330).

The petitioner did not offer an acceptable explanation as to why she did not serve her notice of claim sooner than 15 months after her claim arose, and failed to demonstrate that the County of Westchester acquired actual knowledge of the essential facts upon which her claim was based (*i.e.*, alleged gross negligence and willful misconduct by the Child Protective Services in intentionally failing to protect her infant daughter), within 90 days or a reasonable time thereafter. Additionally, the County of Westchester would be substantially prejudiced in defending itself on the merits because records in

this case were expunged. Thus, the Supreme Court properly dismissed the proceeding. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.