In the Matter of YENETTE NAIRNE, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Respondent. [755 NYS2d 855] —In a proceeding, inter alia, for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 13, 2001, which denied that branch of the petition which was for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, under the facts of this case, the Supreme Court providently exercised its discretion in denying her application for leave to serve a late notice of claim on the respondent. In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the claim involves an infant, whether the claimant has demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the municipality is substantially prejudiced by the delay (see General Municipal Law § 50-e [5]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Fierro v City of New York,* 271 AD2d 608 [2000]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7 [1995]). Whether to grant an application for leave to serve a late notice of claim is committed to the sound discretion of the court (see *Moise v County of Nassau,* 234 AD2d 275 [1996]).

Although infancy automatically tolls the statutory period for commencing an action against a municipality (see General Municipal Law § 50-i; CPLR 208; *Henry v City of New York,* 94 NY2d 275 [1999]), the infancy of an injured claimant, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (see *Cohen v Pearl River Union Free School Dist.,* 51 NY2d 256, 266 [1980]; *Matter of Brown v County of Westchester, supra*; *Matter of Knightner v City of New York,* 269 AD2d 397 [2000]). In the instant case, the petitioner failed to establish that the seven-year delay in seeking leave to serve a late notice of claim was due to the infancy of the injured claimant (see *Rabanar v City of Yonkers,* 290 AD2d 428 [2002]; *Matter of Matarrese v New York City Health*

*& Hosps. Corp., supra*). While this fact is not fatal to the petitioner's application, it is a factor which militates against granting such relief (*see Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820 [1993]; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824 [1991]). Additionally, the petitioner failed to offer any excuse for the delay in making the instant application (*see Matter of Reed v County of Westchester,* 222 AD2d 679 [1995]; *Matter of Shea v City of N.Y. Bd. of Educ.,* 222 AD2d 510 [1995]; *Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*). Moreover, the petitioner did not rebut the respondent's assertion that the extensive delay in this case substantially prejudiced its ability to investigate and defend against the claim (*see Matter of Landa v City of New York,* 252 AD2d 525 [1998]).

We decline to consider the petitioner's argument that the continuous treatment doctrine tolled the 90-day period in which she was required to serve the notice of claim (*see Plummer v New York City Health & Hosps. Corp.,* 98 NY2d 263, 267 [2002]), which is raised for the first time in her reply brief (*see Soon Rae Kim v Caesar Chemists,* 297 AD2d 797 [2002]; *Drake v Drake,* 296 AD2d 566 [2002]; *Berkey v Emma,* 291 AD2d 517 [2002]).

The petitioner's remaining contentions are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.