■ TYMEIK WILLIAMS, Respondent, v NASSAU COUNTY MEDICAL CENTER et al., Appellants. [786 NYS2d 207]—

In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered January 14, 2004, as granted the plaintiff's motion, in effect, for leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the motion is denied.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion, in effect, for leave to serve a late notice of claim approximately 10 years after the alleged malpractice giving rise to the plaintiff's injuries (*see Matter of Flores*

*v County of Nassau,* 8 AD3d 377 [2004], *lv denied* 3 NY3d 606 [2004]).

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7 [1995]).

A claimant's infancy will automatically toll the applicable one year and 90-day statute of limitations for commencing an action against a municipality (*see* General Municipal Law § 50-i; *Henry v City of New York,* 94 NY2d 275 [1999]). However, the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (*see Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau, supra*).

In this case, the 10-year delay in moving, in effect, for leave to serve a late notice of claim was not the product of the plaintiff's infancy (*see Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau, supra; Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409 [2003]; *Berg v Town of Oyster Bay,* 300 AD2d 330 [2002]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*).

Further, the fact that the plaintiff was not aware of the requirement to serve a notice of claim within 90 days of its accrual is not a reasonable excuse for the failure to do so (*see Matter of Cotten v County of Nassau, supra; Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818 [1993]).

In addition, we are not persuaded that the defendants had actual notice of the claim within the requisite 90-day period, or within a reasonable time thereafter. Although it is true they were in possession of the pertinent medical records, that did not establish that they had notice of the specific claim. "The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]; *see also Matter of Brown v County of Westchester, supra*).

Finally, the plaintiff failed to establish that the defendants

would not be substantially prejudiced in maintaining their defense on the merits as a result of the lengthy delay in moving, in effect, for leave to serve a late notice of claim (*see Matter of Flores v County of Nassau, supra; Moise v County of Nassau,* 234 AD2d 275 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.