■ John Breeden et al., Appellants, v James Valentino et al., Defendants, and New York City Health and Hospitals Corporation, Respondent. [798 NYS2d 79]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Solomon, J.), dated February 23, 2004, which denied that branch of the motion of the plaintiff Cherry Buckley which was for leave to file a late notice of claim against the defendant New York City Health and Hospitals Corporation and dismissed that plaintiff's claims insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the appeal by the plaintiff John Breeden is dismissed, as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

While we agree that the Supreme Court erred in its determination that the plaintiff Cherry Buckley's medical malpractice claim accrued on the date of her first visit to the defendant New York City Health and Hospitals Corporation's St. George Health Clinic in February 1993, the branch of the motion of the plaintiff Cherry Buckley which was for leave to file a late notice of claim against the defendant New York City Health and Hospitals

Corporation (hereinafter NYCHHC) was properly denied. In determining whether to grant leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider certain factors, including whether (1) an infant is involved, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the municipal corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipal corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 13 AD3d 363, 364 [2004]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]). The plaintiffs did not demonstrate a reasonable excuse for failing to serve a timely notice of claim (*see Matter of Flores v County of Nassau, supra* at 378). Furthermore, there was no showing that NYCHHC acquired actual knowledge of the facts surrounding the claim merely because it maintained medical records (*see Matter of Cotten v County of Nassau, supra; see also Matter of Cuffee v City of New York*, 255 AD2d 440, 441 [1998]; *Matter of Morrison v New York City Health & Hosps. Corp.*, 244 AD2d 487, 488 [1997]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [1996]). The plaintiffs also failed to establish that NYCHHC would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy delay in moving for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr., supra*). Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.