■ TRIMELL SEYMOUR, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (KINGS COUNTY HOSPITAL CENTER), Appellant. [801 NYS2d 370]—

In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 20, 2004, which granted the infant plaintiff's motion for leave to reargue, and upon reargument, granted the infant plaintiff's prior motion seeking leave to serve a late notice of claim nunc pro tunc, which was denied, without prejudice to renew, in an order of the same court dated October 24, 2003.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof which, upon reargument, granted the infant plaintiff's motion to serve a late notice of claim nunc pro tunc, and substituting therefor a provision, which, upon reargument, adheres to the original determination in the order dated October 24, 2003, denying the motion; as so modified, the order is affirmed, with costs to the appellant.

The Supreme Court improvidently exercised its discretion in, upon reargument, granting the infant plaintiff's motion for leave to serve a late notice of claim approximately 10 years after the alleged malpractice giving rise to his injuries (*see Williams v Nassau County Med. Ctr.*, 13 AD3d 363 [2004], *lv granted* 5 NY3d 706 [2005]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]).

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider relevant factors and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense on the merits would be substantially prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr., supra; Matter of Flores v County of Nassau, supra*).

There was no reasonable excuse offered as to why the infant

plaintiff's mother, a college graduate employed in the banking industry who was in almost daily contact with health care professionals, social workers, and educators, delayed almost 10 full years in pursuing legal remedies on behalf of her son. The infant plaintiff's severely handicapped condition became evident soon after his birth. Despite remaining "preoccupied with hope" that her son's condition would improve, the child remained unable to move or communicate and was placed in a residential facility in 2000. In light of these circumstances, the mother's admitted "tunnel vision" in ignoring the possible causes of her son's condition until she heard a radio advertisement for a law firm on the eve of the expiration of the statute of limitations was not reasonable (see Matter of Matarrese v New York City Health & Hosps. Corp., 215 AD2d 7, 9-10 [1995]). Likewise, the mother's unfamiliarity with the law was not a valid excuse for the delay (see Williams v Nassau County Med. Ctr., supra; Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau, 307 AD2d 965 [2003]).

The Supreme Court incorrectly determined that the defendant acquired timely notice of the infant plaintiff's claim by virtue of the medical records in its possession. The records did not establish notice of the specific claim alleged. The problems encountered by the infant plaintiff, born critically premature, were those common to preterm newborns. There was no evidence of complications at the time of the mother's spontaneous vaginal delivery that would have alerted the defendant to a potential malpractice claim based on RH incompatibility, especially in light of antibody screenings to the contrary (see Moise v County of Nassau, 234 AD2d 275, 276 [1996] ["since there is nothing in the record to establish a nexus between the alleged malpractice on the part of the [hospital] and the . . . plaintiff's subsequent developmental delays, the medical records alone did not alert the County to the facts underlying the claim"]).

While it is true that the defendant did not allege that the relevant personnel involved in the prenatal care and delivery of the infant plaintiff were unavailable, the defendant would nonetheless be manifestly prejudiced if it were forced to investigate, 10 years after the fact, the infant plaintiff's claim that proper antibody screenings were not conducted and/or properly recorded prenatally (see Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818 [1993]). "[T]he obvious prejudice that has been suffered by the appellant as a result of the [10]-year delay cannot be dismissed with a mere wave of the hand and the comment that the appellant has medical records in its possession" (Matter of Matarrese v New York City Health & Hosps. Corp., supra at 11).

Accordingly, upon reargument, the Supreme Court should have adhered to its original determination denying the infant plaintiff's motion for leave to serve a late notice of claim. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.