■ In the Matter of LAURIANNE MARTINEZ et al., Appellants, v WEST HEMPSTEAD SCHOOL DISTRICT et al., Respondents. [808 NYS2d 299]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 17, 2005, which denied the application.

Ordered that the order is affirmed, with costs.

The determination to grant leave to serve a late notice of claim lies within the discretion of the court (*see* General Municipal Law § 50-e [5]; *Matter of Andrew T.B. v Brewster Cent. School Dist.,* 18 AD3d 745, 746 [2005]; *Matter of Morales v New York City Tr. Auth.,* 15 AD3d 580, 581 [2005]; *Williams v Nassau County Med. Ctr.,* 13 AD3d 363, 364 [2004], *lv granted* 5 NY3d 706 [2005]). Among the factors to be considered in determining whether to permit service of a late notice of claim are whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to timely serve a notice of claim, (3) the municipal defendant acquired actual notice of the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipal defendant in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Andrew T.B. v Brewster Cent. School Dist., supra* at 746; *Williams v Nassau County Med. Ctr., supra* at 364).

Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in denying the instant application. The petitioner failed to submit evidence establishing that the respondents had actual knowledge of the claim within 90 days of the incident or within a reasonable time thereafter. Further, the petitioner failed to present a reasonable excuse for the delay, and there was no nexus between the delay and the petitioner's infancy (*see generally Matter of Rusiecki v Clarkstown Cent. School Dist.*, 227 AD2d 493 [1996]; *cf. Matter of Andrew T.B. v Brewster Cent. School Dist., supra* at 747).

The petitioner's remaining contention is academic in light of our determination. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur. ·