**16** In the Matter of MARIA DUMANCELA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [820 NYS2d 136]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim or deem a notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 31, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In exercising its discretion determining whether to grant leave to serve a late notice of claim, a court must consider various factors, including whether (1) the claimant is an infant, (2) the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7 [1995]).

Infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr., supra; Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau, supra*). In this case, the petitioner failed to establish that her approximate 2$^1/_2$-year

delay in seeking leave to serve a late notice of claim, or in serving the late notice of claim on behalf of her infant son, was the product of her son's infancy or of the need to provide him with extraordinary care (*see Williams v Nassau County Med. Ctr., supra; Matter of Flores v County of Nassau, supra; Matter of Cotten v County of Nassau, supra; Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409 [2003]; *Berg v Town of Oyster Bay,* 300 AD2d 330 [2002]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*).

In addition, there was no showing that the New York City Health and Hospitals Corporation (hereinafter the NYCHHC) acquired actual knowledge of the facts surrounding the claim merely because it maintained medical records (*see Williams v Nassau County Med. Ctr., supra; Breeden v Valentino,* 19 AD3d 527, 528 [2005]). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury . . . during the birth process. The relevant inquiry is whether the hospital had actual knowledge of the facts—as opposed to the legal theory— underlying the claim. Where, as here, there is little to suggest injury attributable to malpractice during delivery, comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim" (*Williams v Nassau County Med. Ctr., supra* at 537; *see Matter of Cotten v County of Nassau, supra; Matter of Cuffee v City of New York,* 255 AD2d 440, 441 [1998]; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 488 [1997]; *Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]).

The petitioner also failed to satisfy her burden (*see Breeden v Valentino, supra* at 528; *Matter of Alexander v Board of Educ. for Vil. of Mamaroneck,* 18 AD3d 654, 655 [2005]; *Matter of Flores v County of Nassau, supra* at 378) of establishing that the NYCHHC would not be substantially prejudiced in maintaining its defense on the merits as a result of her delay in seeking leave to serve a late notice of claim or in serving the late notice of claim.

Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding (*see Williams v Nassau County Med. Ctr., supra; Matter of Martinez v West Hempstead School Dist.,* 24 AD3d 557, 558 [2005]; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.],* 21 AD3d 1025 [2005]; *Matter of Flores v County of Nassau, supra; Moise v County of Nassau,* 234 AD2d

275 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.