In the Matter of ELIJAH RIOS, Appellant, et al., Petitioner, v WESTCHESTER COUNTY HEALTHCARE CORP., Respondent. [821 NYS2d 102]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner Elijah Rios, by his mother and natural guardian, Wana Rios, also known as Wana Rios Stewart, appeals, as limited by the brief, from so much an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 3, 2005, as denied that branch of the petition which was for leave to serve a late notice of claim on his behalf, and dismissed so much of the proceeding as sought leave to serve a late notice of claim on his behalf.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on behalf of Elijah Rios (hereinafter Rios).

While the 13-month delay in seeking leave to serve a late notice of claim on behalf of Rios was far shorter than the 10-year delay addressed in *Williams v Nassau County Med. Ctr.* (6 NY3d 531 [2006]), there was no support for the assertion that the delay was the product of infancy or of the need to provide Rios with extraordinary care (*see Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409 [2003]; *Berg v Town of Oyster Bay,* 300 AD2d 330 [2002]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7 [1995]).

Further, there was no showing that during the period within which the notice of claim was required to be served, the Westchester County Healthcare Corp. (hereinafter WCHC) acquired actual knowledge of the facts surrounding the claim (*see Williams v Nassau County Med. Ctr., supra; Breeden v Valentino,* 19 AD3d 527, 528 [2005]). This deficiency was not overcome merely by asserting that the failure or refusal of WCHC to produce, for inspection, the fetal monitoring strips and the medical records referable to prenatal care for Rios's mother rendered it impossible to demonstrate that WCHC acquired the requisite

knowledge within the statutory period. In the absence of an affidavit or affirmation from a physician or other qualified healthcare provider establishing what one would routinely expect to glean from such records, what record entries or omissions would lead a reasonable healthcare provider to conclude that there had been a departure from accepted medical practice, and what documentation would have led a reasonable healthcare provider, including those employed by WCHC, to expect that Rios would develop cerebral palsy if certain care or treatment were not provided, this argument was founded solely upon speculation.

The record here reflects, in fact, that when Rios left the hospital, there was "scant reason to identify or predict any lasting harm" to him, "let alone a developmental disorder" or cerebral palsy (*Williams v Nassau County Med. Ctr., supra* at 537). Like the hospital whose conduct was at issue in *Williams,* WCHC here "could well have concluded that when [Rios] left the hospital there was nothing wrong with him" (*id.*). Thus, it is impossible to conclude on this record that the hospital acquired the requisite knowledge of the injury, let alone knowledge that the injury was caused by malpractice, within the 90-day filing period.

Finally, there is no basis in the record from which it is possible to conclude WCHC would not be prejudiced by the granting of the branch of the petition in question.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on behalf of Rios (*see Matter of Dumancela v New York City Health & Hosps. Corp.,* 32 AD3d 515 [2d Dept 2006]; *Williams v Nassau County Med. Ctr., supra; Matter of Martinez v West Hempstead School Dist.,* 24 AD3d 557, 558 [2005]; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.],* 21 AD3d 1025 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Flores v County of Nassau, supra; Moise v County of Nassau,* 234 AD2d 275 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.