In the Matter of DONTAI KING et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Appellant. [840 NYS2d 611]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated July 12, 2006, as granted that branch of the petitioners' motion which was for leave to serve a late notice of claim upon it.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the petitioners' motion which was for leave to serve a late notice of claim upon the appellant is denied.

Seven years after his birth, the infant petitioner and his mother sought, inter alia, leave to serve a late notice of claim upon the appellant, seeking damages for injuries allegedly caused by medical malpractice during the infant petitioner's birth. Upon the in-court stipulation of the attorneys for both sides, the Supreme Court granted that branch of the petitioners' motion which was for leave to serve a late notice of claim upon the appellant. Shortly thereafter, the appellant moved to vacate the order entered on consent on the ground of mistake and to restore the petitioners' motion to the calendar for a determination on the merits. The Supreme Court granted the appellant's motion, but upon restoring the petitioners' motion to the calendar, granted that branch of the motion which was for leave to serve a late notice of claim upon the appellant.

Pursuant to General Municipal Law § 50-e (5), a court has the discretion to extend a petitioner's time to serve a notice of claim, as long as the extension does not exceed the time limit for commencement of an action against the public corporation (*see Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977, 978 [2006]). In exercising such discretion, a court must consider various factors, including whether (1) the petitioner is an infant, (2) the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Dumancela v New York City Health & Hosps.* Corp., 32 AD3d 515 [2006]). Infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr., supra*; *Matter of Dumancela v New York City Health & Hosps.* Corp., supra).

Here, the petitioners failed to establish that the seven-year delay in seeking leave to serve a late notice of claim was the product of the infant petitioner's infancy or the need to provide him with extraordinary care (*see Matter of Dumancela v New York City Health & Hosps. Corp., supra*; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 9-10 [1995]).

Furthermore, the record does not support the petitioners' contention that the appellant had actual knowledge of the essential facts constituting the claim by virtue of its possession of the medical records pertaining to the mother's prenatal care and the infant petitioner's delivery (*see Matter of Rios v West-*

*chester County Healthcare Corp.*, 32 AD3d 540, 541-542 [2006]; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1027 [2005]). Contrary to the petitioners' contention, there was little in the medical records "to suggest injury attributable to malpractice during delivery, [and] comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim" (*Williams v Nassau County Med. Ctr., supra* at 537). The petitioners also failed to proffer any excuse for the delay in serving a timely notice of claim (*see Matter of Djeddah v County of Westchester*, 239 AD2d 499 [1997]), and failed to establish that the appellant would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy and unexcused delay in seeking leave to serve a late notice of claim (*see Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], supra* at 1025; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]).

The petitioners' contention that the Supreme Court improperly granted the appellant's motion, inter alia, to vacate the earlier order entered on consent is not properly before this Court (*see Parra v D & F Paint Co., Inc.*, 38 AD3d 865 [2007]; *Kallen v Kasin*, 226 AD2d 505, 505-506 [1996]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.