■ KAHRON BUCKNOR et al., Respondents, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION (QUEENS HOSPITAL CENTER), Appellant. [844 NYS2d 100]—

In an action to recover damages for medical malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 27, 2005, as granted that branch of the plaintiffs' motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff and denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from,

on the facts and in the exercise of discretion, with costs, that branch of plaintiffs' motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff is denied, and the defendant's cross motion to dismiss the complaint is granted.

The infant plaintiff (hereinafter the child) was born on June 12, 1995 at Queens Hospital Center (hereinafter the defendant). The child was delivered by emergency Cesarean section, which was preceded by attempts to induce labor lasting several days. Although the child was born limp and required that meconium be suctioned, he resuscitated spontaneously, and at one minute after birth his Apgar score was 7. He was discharged from the defendant five days later with no medical problems. At 16 months of age, the child was diagnosed with pervasive developmental disorder or autism. The plaintiffs alleged that the defendant's delay in performing a Cesarean section resulted in intrapartum birth trauma which caused the child later to develop autism or pervasive development disorder. The child's mother contacted an attorney in May 2001. In September 2004 her attorneys commenced this medical malpractice action and served a notice of claim, but did not move for leave to serve a late notice of claim until nine months later in June 2005.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to serve a late notice of claim on behalf of the child approximately 10 years after the alleged malpractice giving rise to his injuries (see *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]). In exercising its discretion to grant leave to serve a late notice of claim, the court must consider relevant factors and circumstances, including whether (1) an infant is involved, (2) there is a reasonable excuse for the delay, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and (4) the public corporation's defense on the merits would be substantially prejudiced by the delay (see General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d at 535; *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515 [2006]; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1026 [2005]; *Breeden v Valentino*, 19 AD3d 527 [2005]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]).

Infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (see *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515 [2006]; *Matter of Flores v County of Nassau*, 8 AD3d at 378). Here, the

delay in moving for leave to serve a late notice of claim cannot be said to be entirely the product of infancy. The mother's lack of awareness of the possibility of a lawsuit is not a reasonable excuse for her nearly five-year delay in contacting an attorney (*see Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d at 1026-1027; *Matter of Flores v County of Nassau*, 8 AD3d at 378; *Matter of Cotten v County of Nassau*, 307 AD2d 965, 966 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 9 [1995]). The subsequent four-year delay in moving for leave to serve a late notice of claim, occasioned by the plaintiffs' attorneys' investigation of the claim, was not "directly attributable to the infancy" (*Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d at 9 [internal quotation marks omitted]; *see Matter of Flores v County of Nassau*, 8 AD3d at 378).

Furthermore, the plaintiffs failed to demonstrate that the defendant acquired actual notice of the claim merely because of the defendant's possession of the medical records (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541-542 [2006]; *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d at 516; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d at 1027; *Breeden v Valentino*, 19 AD3d 527, 528 [2005]). The hospital's records could not have put the defendant on notice that the child would develop autism later on. Rather, the "hospital . . . records reveal that the delivery was difficult, but that when it was over there was scant reason to identify or predict any lasting harm to the child, let alone a developmental disorder" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *see Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d at 542; *Seymour v New York City Health & Hosps. Corp.*, 32 AD3d at 515; *Moise v County of Nassau*, 234 AD2d 275, 276 [1996]; *cf. Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655, 656-657 [2006]; *Medley v Cichon*, 305 AD2d 643, 644 [2003]). A proffered reason for the approximately 10-year delay, that no consensus was reached until 2004 that intrapartum birth trauma may contribute to the development of autism, itself militates against a finding that the defendant had actual notice of this specific claim 10 years earlier (*see Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.]*, 14 AD3d 361, 362 [2005]).

Finally, the plaintiffs failed to establish that the defendant would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy delay in moving for

leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 538-539; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d at 1027). Crane, J.P., Florio, Lifson and Carni, JJ., concur.