*592 In an action to recover damages for medical malpractice, the infant plaintiff Mammud Rashid Beretey, by his mother and natural guardian Manama Sheriff, appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated February 26, 2007, which denied his motion, in effect, to deem his late notice of claim timely served nunc pro tunc or, in the alternative, for leave to serve a late notice of claim.
Ordered that the order is affirmed, with costs.
The infant plaintiff Mammud Rashid Beretey (hereinafter the plaintiff) was born at the defendant New York City Health & Hospitals Corporation (Elmhurst Hospital Center) (hereinafter the Hospital) on November 2, 1996. Prior to his birth, the plaintiffs mother had been given Pitocin to induce labor, but the labor did not progress and Hospital personnel ultimately performed a caesarean section. The Hospital’s records indicate that, at birth, the plaintiff suffered from perinatal asphyxia and respiratory depression. His birth record indicates that he weighed 9 pounds, 3 ounces and his Apgar score was 1 at 1 minute after birth, 5 at 5 minutes after birth, and 7 at 10 minutes after birth. The Hospital’s records do not indicate any signs of brain damage. For several days, the plaintiff received treatment for his condition in the Hospital’s infant intensive care unit. On November 9, 1996 seven days after birth, the plaintiff was discharged from the Hospital.
The mother alleges that she learned through a school evaluation conducted “in or about 2000,” that the plaintiff “would have to be placed in a special school for both physical and mental issues,” and that he “had severe cognitive developmental delays and some motor condition difficulties.” In January 2006 the plaintiff, by his mother, served a notice of claim seeking damages for medical malpractice, alleging that the perinatal as *593 phyxia he suffered at birth resulted from, the negligence of the Hospital and its personnel in delaying to perform a cesarean section on his mother. The notice of claim asserted that the perinatal asphyxia caused him to develop cognitive delays, mental retardation, severe hyperactivity, and coordination difficulties.
In February 2006 the plaintiff, by his mother, commenced this action against the Hospital. In October 2006 he moved, in effect, for leave to deem the notice of claim timely served nunc pro tunc or, in the alternative, for leave to serve a late notice of claim. The Supreme Court denied the motion. We affirm.
In determining whether to grant leave to serve a late notice of claim, the court must consider several factors including whether (1) an infant is involved, (2) there is a reasonable excuse for the delay, (3) the public corporation acquired actual knowledge of the facts underlying the claim within 90 days or a reasonable time thereafter, and (4) the late service would result in substantial prejudice to the public corporation defending on the merits (see General Municipal Law § 50-e [5]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]). Actual knowledge of the essential facts is an important factor in determining whether to grant an extension and “should be accorded great weight” (Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509 [2008]; see also Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 [2008]).
Here, on the issue of actual knowledge to be gleaned from the Hospital’s records, the plaintiff proffers expert affidavits which fail to objectively link the alleged medical malpractice at the time of his birth with the specific cognitive developmental delays and motor coordination difficulties diagnosed years later. As noted by the Supreme Court, there is no indication in the Hospital’s records that the plaintiff, either at the time of his discharge or upon follow-up visits, showed any signs of brain injury or other impairment (see Matter of King v New York City Health & Hosps. Corp., 42 AD3d 499, 500-501 [2007]; Matter of Rios v Westchester County Healthcare Corp., 32 AD3d 540, 541-542 [2006]; Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 21 AD3d 1025, 1026 [2005]; Moise v County of Nassau, 234 AD2d 275, 276 [1996]). Accordingly, the entries in the Hospital’s records at the time of the plaintiffs birth do not equate with knowledge of facts underlying his claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Matter of King v New York City Health & Hosps. Corp., 42 AD3d at 501).
*594 The plaintiff also failed to offer an adequate excuse for the more than nine-year delay between his birth on November 2, 1996 and the service of the notice of claim in January 2006. The mother first learned in 2000 that the plaintiff had cognitive developmental delays and motor coordination difficulties, yet the first time she consulted with attorneys to investigate a potential claim was in 2005, five years later. This delay in consulting with counsel cannot be attributed to the plaintiffs infancy (see Matter of King v New York City Health & Hosps. Corp., 42 AD3d at 500; Matter of Flores v County of Nassau, 8 AD3d 377, 378 [2004]; Matter of Matarrese v New York City Health & Hosps. Corp., 215 AD2d 7, 9-10 [1995]) and is not reasonable (see Matter of Flores v County of Nassau, 8 AD3d at 378).
Further, the plaintiff failed to establish that the Hospital would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy and unexcused delay in seeking leave to. serve a late notice of claim (see Matter of King v New York City Health & Hosps. Corp., 42 AD3d at 501; Matter of Flores v County of Nassau, 8 AD3d at 378). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs motion.
The plaintiffs remaining contentions are without merit. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.