In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff Michael Hendrix appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 28, 2009, which denied his motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).
Ordered that the order is affirmed, with costs.
In November 2007 the plaintiff Michael Hendrix (hereinafter the plaintiff) filed a timely notice of claim against the City of New York, alleging, inter alia, claims of false arrest and malicious prosecution arising out of his arrest on September 30, 2007. On or about December 1, 2008, the plaintiff commenced this action asserting, among other things, causes of action alleging false arrest and/or malicious prosecution against, among others, the City, arising out of arrests of the plaintiff occurring on July 16, 2007, September 30, 2007, April 22, 2008, May 24, 2008, and June 23, 2008. By order to show cause dated December 22, 2008, the plaintiff moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City with respect to, inter alia, the causes of action alleged in the complaint arising out of the arrests that occurred on July 16, 2007, April 22, 2008, May 24, 2008, and June 23, 2008.
*614 The Supreme Court did not improvidently exercise its discretion in denying the plaintiff’s motion for leave to serve a late notice of claim. The plaintiff offered no explanation at all for his delay in serving a notice of claim, much less a reasonable excuse (see Matter of Castro v Clarkstown Cent. School Dist., 65 AD3d 1141, 1142 [2009]; Matter of King v New York City Health & Hosps. Corp., 42 AD3d 499, 501 [2007]). Moreover, the plaintiff failed to establish that the City had actual knowledge of the essential facts constituting claims within 90 days following their accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 536 [2006]; Matter of Griffin v City of New York, 69 AD3d 938, 939 [2010]; Matter of Charles v City of New York, 67 AD3d 793 [2009]). Finally, the plaintiff failed to establish that the delay in serving a notice of claim will not substantially prejudice the City (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152-153 [2008]). Dillon, J.P., Balkin, Belen and Lott, JJ., concur.