■ In the Matter of KULDIP KAUR, as Mother and Natural Guardian of PARMINDER KAUR, an Infant, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, et al., Respondents. [918 NYS2d 545]—

The petitioner's son was born on November 10, 2000, by emergency caesarian section after the petitioner's uterus ruptured during an attempted vaginal birth following a prior caesarian section delivery (hereinafter VBAC). The petitioner alleges that the VBAC was performed without her informed consent. The infant allegedly suffered severe brain damage as a result of protracted oxygen deprivation.

Almost nine years later, on July 20, 2009, the petitioner moved for leave to serve a late notice of claim on the respondents, New York City Health and Hospitals Corporation, Elmhurst Hospital Center, and Elmhurst Hospital Center's Community Medical Center. The petitioner did not assert that the respondents committed malpractice in their performance of the VBAC or the subsequent caesarian section; rather, she contended that the malpractice stemmed from the respondents' failure to obtain her informed consent to attempt a VBAC. The Supreme Court denied the motion for leave to serve a late notice of claim and dismissed the proceeding, finding that the petitioner failed to demonstrate a reasonable excuse for the lengthy delay in commencing the proceeding or to demonstrate that the respondents had actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter. The petitioner appeals. We affirm.

In exercising its discretion in determining whether or not to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time

thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713, 713 [2010]). Actual knowledge of the essential facts is an important factor in determining whether to grant an extension, and should be accorded great weight (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]; *see also Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d at 713; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008]). However, the presence or absence of any one factor is not determinative, and the failure to set forth a reasonable excuse is not, by itself, fatal to the application (*see Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 69 AD3d 441, 442 [2010]).

The petitioner failed to offer a reasonable excuse for her failure to serve a timely notice of claim on the respondents (*see Matter of King v New York City Health & Hosps. Corp.*, 42 AD3d 499, 500 [2007]; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541 [2006]; *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515, 515-516 [2006]).

Moreover, contrary to the petitioner's contention, the respondents did not acquire actual knowledge of the essential facts constituting her claim within the requisite 90-day period, or a reasonable time thereafter, by virtue of their possession of hospital records relating to the infant's delivery and follow-up care (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]). Although the hospital records clearly indicated that the infant sustained injuries to his brain as a result of the petitioner's ruptured uterus, the records did not evince that the medical staff failed to obtain the petitioner's informed consent for a VBAC, which is the only claim asserted by the petitioner.

Finally, even if the hospital personnel involved in the petitioner's care were available to testify, the respondents would nonetheless be prejudiced if they were forced to investigate the petitioner's allegations nine years later (*see Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1027 [2005]). Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.