■ SHARITA WADE et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [925 NYS2d 630]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Elliot, J.), dated August 24, 2009, which denied their cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

The infant plaintiff was born on October 16, 1991, in a hospital operated by the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC). In 1996, the mother, on behalf of the infant plaintiff and individually, commenced an action against NYCHHC to recover damages for, inter alia, injuries the infant plaintiff allegedly sustained as a result of alleged medical malpractice committed by NYCHHC's employees. Subsequently, NYCHHC moved to dismiss the complaint. The Supreme Court granted NYCHHC's motion to dismiss the complaint for failure to serve a timely notice of claim, and this Court affirmed the order granting the motion (*see Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]).

In 2006 the infant plaintiff, by her mother, and the mother individually, commenced the instant action against NYCHHC and the defendant doctors, asserting three causes of action. The

defendants moved to dismiss the complaint, and the Supreme Court granted the motion. The plaintiffs appealed from the order granting the motion, and this Court modified the order. We determined that the second cause of action sounding in medical malpractice and the third cause of action, a derivative cause of action asserted by the mother, were properly dismissed as time-barred (*see Wade v New York City Health & Hosps. Corp.*, 59 AD3d 528, 529-531 [2009]). We further determined that so much of the first cause of action as alleged negligence based on inadequate supervision and training of NYCHHC's obstetrical personnel was timely asserted under the circumstances (*id.*). This Court remitted the matter to the Supreme Court, Queens County, for a determination of the plaintiffs' cross motion for leave to serve a late notice of claim, which the Supreme Court had denied as academic (*id.*). Upon remittal, the Supreme Court denied the plaintiffs' cross motion for leave to serve a late notice of claim. We affirm.

General Municipal Law § 50-e (1) requires that, as a condition precedent to an action against a public corporation, a notice of claim must be served within 90 days after the claim arises. The Legislature, however, gave courts discretion to extend the time and devised criteria for determining whether to grant extensions (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]).

"In exercising its discretion in determining whether or not to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5])" (*Matter of Kaur v New York City Health & Hosps. Corp.*, 82 AD3d 891, 891-892 [2011]). However, "the presence or absence of any one factor is not determinative" (*id.* at 892).

The plaintiffs did not allege a causative nexus between the infancy of the infant plaintiff and the delay, which makes the delay "less excusable" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 538). In addition, the plaintiffs failed to set forth a reasonable excuse for the delay (*see Matter of Kaur v New York City Health & Hosps. Corp.*, 82 AD3d at 892).

"Actual knowledge of the essential facts is an important factor in determining whether to grant an extension, and should

be accorded great weight" (*id.*). "[W]hat satisfies the statute is not knowledge of the wrong, but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Cotten v County of Nassau*, 307 AD2d 965, 967 [2003] [internal quotation marks omitted]). Contrary to the plaintiffs' contention, the defendants did not have actual notice of the plaintiffs' cause of action alleging negligence based on inadequate supervision and training of NYCHHC's obstetrical personnel (*see Matter of Kaur v New York City Health & Hosps. Corp.*, 82 AD3d at 892; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1027 [2005]).

In determining prejudice to the defendants, although the length of the delay is not alone dispositive, it is influential (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 538 [10-year delay]). "Like the length of the delay in service, proof that the defendant had actual knowledge is an important factor in determining whether the defendant is substantially prejudiced by such a delay" (*id.* at 539). The plaintiffs failed to establish that the defendants would not be prejudiced in having to defend on the merits (*cf. Malcolm v City of New York*, 2 AD3d 696 [2003]; *see Medley v Cichon*, 305 AD2d 643 [2003]).

Accordingly, the Supreme Court properly denied the plaintiffs' cross motion for leave to serve a late notice of claim. Rivera, J.P., Eng, Roman and Miller, JJ., concur.