◾ Dennis Meyer, Appellant, v County of Suffolk, Respondent. [934 NYS2d 235]—

" 'In exercising its discretion in determining whether or not to [deem a notice of claim timely served], the court must consider various factors, including whether (1) the claimant is an infant, (2) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see General Municipal Law § 50-e [5])' " (Wade v New York City Health & Hosps. Corp., 85 AD3d 1016, 1017 [2011], quoting Matter of Kaur v New York City Health & Hosps. Corp., 82 AD3d 891, 891-892 [2011]; see Matter of Davis v County of Westchester, 78 AD3d 698 [2010]). "[T]he presence or absence of any one factor is not determinative" (Matter of Kaur v New York City Health & Hosps. Corp., 82 AD3d at 892).

Here, the plaintiff failed to set forth a reasonable excuse for his delay in serving his notice of claim, and the record does not reveal the existence of a reasonable excuse. Lack of awareness of the possibility of a lawsuit is not a reasonable excuse for delay in filing a notice of claim (see Bucknor v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 44 AD3d 811, 813 [2007]; Matter of Flores v County of Nassau, 8 AD3d 377, 378 [2004]; Matter of Cotten v County of Nassau, 307 AD2d 965, 966 [2003]). Additionally, ignorance of the requirement to serve the notice of claim within 90 days does not constitute a reasonable excuse (see Williams v Nassau County Med. Ctr., 13 AD3d 363, 364 [2004], affd 6 NY3d 531 [2006]; Matter of Pico v City of New York, 8 AD3d 287, 288 [2004]).

The record also does not reflect that the defendant had "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]; see Matter of Estate of Curreri v New York City Hous. Auth., 87 AD3d 1064 [2011]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147-148 [2008]). Furthermore, the plaintiff failed to establish that the delay in serving the late notice of claim would not substantially prejudice the defendant (see Williams v Nassau County Med. Ctr., 6 NY3d at 539; Wade v New York City Health & Hosps. Corp., 85 AD3d 1016 [2011]; see Matter of Lewis v City of New York, 82 AD3d 981 [2011]). Accordingly, the Supreme

Court providently exercised its discretion in denying the plaintiff's motion to deem his notice of claim timely served and granting that branch of the defendant's cross motion which was to dismiss the state common-law causes of action to recover damages for false imprisonment, negligence, and gross negligence for failure to timely serve a notice of claim.

However, the Supreme Court erred in granting that branch of the defendant's cross motion which was to dismiss the cause of action to recover damages for a violation of the plaintiff's civil and constitutional rights pursuant to 42 USC § 1983. The defendant cross-moved to dismiss the action solely on the ground that the plaintiff failed to comply with the notice of claim requirement of the General Municipal Law (*see* CPLR 3211 [a] [7]; [e]). A cause of action pursuant to 42 USC § 1983 is not subject to a state statutory notice of claim requirement (*see Felder v Casey*, 487 US 131, 153 [1988]; *Rowe v NYCPD*, 85 AD3d 1001, 1002 [2011]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.